IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TITUS THOMAS                            *
#287141
                                        *
   v.                                        CIVIL ACTION NO. AMD-06-265
                                        *
STATE OF MARYLAND
                                   *******

MEMORANDUM

Currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland, Titus Thomas, petitioner, filed the instant 28 U.S.C. § 2254 habeas corpus application on January 31, 2006, challenging his 1999 conviction and sentence for attempted second degree murder and first degree assault. Paper No. 1. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On August 20, 2002, petitioner filed his first federal habeas corpus application which was denied by this court on September 30, 2003.[1] *See Thomas v. Smith*, Civil Action No. AMD-02-2777 (D. Md.). Under the Antiterrorism and Effective Death Penalty Act of 1996, Thomas may file this second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000).

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider this application for habeas

---

[1] Petitioner alleged the following claims: (1) that trial counsel rendered ineffective assistance by (a) failing to screen witnesses; and (b) failing to obtain petitioner's psychological records; (2) the evidence was insufficient to sustain the conviction; (3) State witnesses gave inconsistent statements; (4) Maryland's discovery rule was violated; (5) petitioner's Constitutional rights were violated; (6) post conviction counsel rendered ineffective assistance; and (7) petitioner was denied the right to confront his accusers.

corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to file a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly it shall be dismissed. An Order follows.

Filed: February 15, 2006                    /s/_____
                                            Andre M. Davis
                                            United States District Court Judge

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."